Hon. Timothy W. Dore
In Proceedings Under
Chapter 7
Hearing Date: April 23, 2021
Time: 9:30 AM
Response Date: April 16, 2021
Location: Telephonic

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

Beverly Jane Cary,

        Debtor(s),

Case No: 20-12450 TWD

DEBTOR(S)' REPLY TO TRUSTEE'S RESPONSE TO DEBTOR'S MOTION TO CONVERT CASE UNDER CHAPTER 7 TO CASE UNDER CHAPTER 13

**REPLY**

Counsel for Debtor has prosecuted conversions in the past with both with an order to vacate an entered order of discharge, and without; in each case the motions to convert were accepted unopposed and ordered.

The code and case law is unclear and there have been decisions both allowing order vacating the discharge and those not requiring vacation. However, as Judge Keith M. Lundin notes, "It seems unlikely that Congress intended conversion as a technique for debtors to avoid both liquidation in the Chapter 7 case and the payment of prepetition debts in the Chapter 13 case. If claims discharged in the Chapter 7 case are

DEBTOR(S)' REPLY TO TRUSTEE'S RESPONSE TO DEBTOR'S MOTION TO CONVERT CASE UNDER CHAPTER 7 TO CASE UNDER CHAPTER 13 -- 1

Law Office of Mark McClure, P.S.
1103 West Meeker Street, Ste 101
Kent, WA 98032
(253) 631-6484

z:\legal ii\2020\bankruptcy\cary, beverly jane\motions\motion to convert\reply to ch7 trustee\reply.doc

Case 20-12450-TWD    Doc 27    Filed 04/15/21    Ent. 04/15/21 13:25:58    Pg. 1 of 3

disallowed in the Chapter 13 case after conversion, creditors would be both precluded from sharing in the Chapter 7 estate and disallowed to receive distributions in the Chapter 13 case. The courts are not likely to go there." Keith M. Lundin, Lundin on Chapter 13 §148.3, at ¶ 14, LundinOnChapter 13.com (last visited March 19, 2021).

While controlling law was not sourced in the 9th circuit, some rulings by other courts include:

Bankruptcy courts that have held conversion after discharge the debts scheduled in the Chapter 7 case would not be entitled to distributions through the Chapter 13 plan:

> To permit a discharged debtor to convert his Chapter 7 case to a Chapter 13 case is ludicrous as Debtor no longer has any meaningful debts to repay pursuant to a Chapter 13 plan. His discharged creditors no longer have any right to either receive payment or object to confirmation of any plan proposed by the debtor. . . . [O]nce the Chapter 7 discharge has been granted, the Debtor's personal liability is extinguished thus rendering the conversion meaningless, except as to those creditors holding non-dischargeable claims.

*In re Marcakis*, 254 B.R. 77, 82–83 (Bankr. E.D.N.Y. 2000).

Other bankruptcy courts have held the opposite, that a discharge in a Chapter 7, within the same case does not prohibit the filing of claims and distribution of the same in a conversion to a Chapter 13:

> [T]he argument that once a discharge has been issued there are no debts for a plan to pay cannot be supported by a close reading of the Bankruptcy Code. The effect of a discharge is to prohibit collection of the discharged debt as a personal liability of the debtor. § 524(a) . . . . It does not, however, affect the liability of any other person or entity for the debt. § 524(e) . . . . In particular, nothing in the Code suggests that a discharge eliminates the creditor's claim against the bankruptcy estate. . . . The bankruptcy estate comes into existence upon "the commencement of [the] case." § 541(a) . . . . Claims against the estate, if

| | |
|---|---|
| DEBTOR(S)' REPLY TO TRUSTEE'S RESPONSE TO DEBTOR'S MOTION TO CONVERT CASE UNDER CHAPTER 7 TO CASE UNDER CHAPTER 13 -- 2 | Law Office of Mark McClure, P.S.<br>1103 West Meeker Street, Ste 101<br>Kent, WA 98032<br>(253) 631-6484 |

z:\legal ii\2020\bankruptcy\cary, beverly jane\motions\motion to convert\reply to ch7 trustee\reply.doc

objected to, are determined "as of the date of the filling of the [bankruptcy] petition." § 502(b) . . . . The conversion of the case does not change the date of the commencement of the case or the date of the filing of the petition. § 348(a) . . . . Thus creditors with valid claims against the bankruptcy estate on the date the bankruptcy petition is filed do not lose them simply because the debtor is granted a discharge or the case is converted to another chapter.[1]

*In re Mosby*, 244 B.R. 79, 87 (Bankr. E.D. Va. 2000)

Debtor has no preference here because the result would be the same. She will submit either the order of conversion as proposed, or amended to include language vacating the Chapter 7 discharge as directed.

DATED: April 15, 2021

/S/ Mark C McClure
Mark C. McClure, WSBA # 24393
Attorney for Debtor(s)

---

[1] Accord In re Carter, 285 B.R. 61, 68–69 (Bankr. N.D. Ga. 2002) (At conversion to Chapter 13 after discharge in a Chapter 7 case, creditors still have claims against the Chapter 13 estate. "[C]reditor claims are not extinguished by the granting of a Chapter 7 discharge and can still be enforced against the property of the debtor's bankruptcy estate. . . . [T]here is no specific bar within the Code to prohibit creditors' claims from being paid through a Chapter 13 plan, notwithstanding the fact that the debtor's personal liability for those claims has been extinguished."); In re Agresta, No. 5-97-01568, 2000 WL 1639570, at *2 (Bankr. M.D. Pa. May 24, 2000) (unpublished) (At conversion to Chapter 13 after discharge in the Chapter 7 case, claims that existed at the filing of the Chapter 7 petition must be addressed through the Chapter 13 plan because only the debtor's personal liability was discharged in the Chapter 7 case. "The fact that the Debtor received a discharge under Chapter 7 and later converted to Chapter 13 does not harm the creditors. The Debtor's conversion to Chapter 13 would relate to May 29, 1997, the original date of filing under Chapter 7. This original date of filing is also the measuring point for creditor's [sic] proof of claims. While the chapter 7 discharge extinguished the Debtor's personal liability towards the creditors, it does not cancel the claim. The claim is still pending to be addressed under the Chapter 13 Plan.").

| DEBTOR(S)' REPLY TO TRUSTEE'S RESPONSE TO DEBTOR'S MOTION TO CONVERT CASE UNDER CHAPTER 7 TO CASE UNDER CHAPTER 13 -- 3 | Law Office of Mark McClure, P.S.<br>1103 West Meeker Street, Ste 101<br>Kent, WA 98032<br>(253) 631-6484 |

z:\legal ii\2020\bankruptcy\cary, beverly jane\motions\motion to convert\reply to ch7 trustee\reply.doc