Honorable Timothy W. Dore
Chapter 13
Location: 700 Stewart St Seattle, WA 98101
Hearing Date: November 16, 2022
Time: 9:30 AM
Response Date: November 9, 2022

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| In re | Chapter 13 Case No 20-12450 TWD |
|---|---|
| Beverly Jane Cary,<br>Debtor(s) | NOTICE AND MOTION FOR ORDER APPROVING OF ATTORNEY'S FEES |

TO: Creditors, Parties-in-Interest, the Trustee, and the Clerk of the Court

I. NOTICE

PLEASE TAKE NOTICE that the motion below shall be heard on November 16, 2022 **at** 9:30 AM**. before Judge** Timothy W. Dore **at the U.S. Bankruptcy Court, U.S. Courthouse, Room** 8106**,** 700 Stewart St Seattle, WA 98101.  The Clerk is requested to note the motion on the docket for that date and time.

YOU ARE FURTHER NOTIFIED that any responses or objections to the below motion or the Application must be made in writing and the original filed with the U.S. Bankruptcy Court, 700 Stewart St Seattle, WA 98101 and one copy serviced upon the undersigned **no later than the "Response date" shown above**.  If responses or objections to the Motion or Application are not timely filed, the Court may strike the hearing and enter an order granting the requested relief.

NOTICE AND MOTION FOR ORDER
APPROVING ATTORNEYS FEES -- 1

Law Office of Mark McClure, P.S.
1103 West Meeker Street, Ste 101
Kent, WA 98032
(253) 631-6484

Case 20-12450-TWD    Doc 119    Filed 10/18/22    Ent. 10/18/22 12:15:57    Pg. 1 of 5

## II. MOTION

The Debtor/Movant, Beverly Jane Cary, moves the Court for an order as follows: (1) approving attorneys' fees based upon settlement with PATCH SERVICES, LLC d/b/a NOAH; PATCH HOMES, INC ("PATCH"); and (2) authorizing the Debtor pay said fees from the proceeds from sale of Debtor's home (See concurrent motion to Sell Real Property).

## IV. BACKGROUND AND SUMMARY OF APPROVED SETTLEMENT

This bankruptcy proceeding was converted from a Chapter 7 case on April 21, 2021, to a case under Chapter 13.

On January 18, 2022 Beverly Jane Cary commenced an action in the bankruptcy court captioned PATCH SERVICES, LLC d/b/a NOAH; PATCH HOMES, INC.; FIRST AMERICAN TITLE INSURANCE COMPANY LENDERS ADVANTAGE, Case No.: 22-01000-TWD this action was subsequently withdrawn to the United States District Court of Western Washington, Case No. 2:22-cv-00538-LK (the "Action"), asserting, among other things, that Patch was liable for various consumer law violations (collectively the "Claims"). Note, litigation against co-defendant FIRST AMERICAN INSURANCE COMPANY continues and a separate motion for approval of those fees is anticipated to be filed upon resolution of the remaining claims against that defendant.

The employment of Mark McClure of Law Office of Mark McClure, P.S., Christina Henry of Henry & DeGraaff, P.S., and Melissa A. Huelsman of Law Offices of Melissa A. Huelsman, P.S. ("FIRMS") were previously approved by this Court. See ECF Number 101.

Following the appointment, the FIRMS began their investigation into Debtor's claims by reviewing proof of claims, the loan package submitted to Ms. Cary by the escrow agent, relevant statutes and case law where available, along with a number of interviews with Debtor. The work involved in this case in preparing the three Complaints was unique and required a great deal more time than what would be involved in a "normal" case. This was because the type of transaction involved, a purported "equity sharing agreement" that the Defendant denied

NOTICE AND MOTION FOR ORDER
APPROVING ATTORNEYS FEES -- 2

Law Office of Mark McClure, P.S.
1103 West Meeker Street, Ste 101
Kent, WA 98032
(253) 631-6484

Case 20-12450-TWD    Doc 119    Filed 10/18/22    Ent. 10/18/22 12:15:57    Pg. 2 of 5

was a loan was an entirely new product. As of yet, there hasn't been any definitive actions taken yet by federal or state regulators on these products and there have only been a few other court cases involving similar types of products. Thus, the FIRMS were required to dig through other statutes and case law to determine the ways in which they could and should be applied to the product. The FIRMS also had to identify the ways in which the escrow agent may have violated federal and state laws, and ultimately they ascertained that it was liable to Ms. Cary for injecting an arbitration clause into the transaction which purported to apply to the entirety of the subject loan. Because Ms. Cary's lawsuit was really the first of its kind that could be identified, the FIRMS were especially cognizant of the necessity of the Complaint being as detailed and precise as possible. For that reason there ended up being three versions of it filed.

Litigation commenced with an initial complaint comprising approximately 31 pages. A Third Amended Complaint was recently approved to be filed by the US District Court comprising 34 pages after Ms. Cary fought off a motion to dismiss brought by the escrow agent, Fidelity National Title Insurance.

The Settlement before us is an agreement to settle with PATCH SERVICES, LLC d/b/a NOAH; PATCH HOMES, INC ("PATCH"). Litigation continues against FIRST AMERICAN TITLE INSURANCE COMPANY LENDERS ADVANTAGE.

The terms of the approved Settlement (ECF No 113) provided as follows:

| | |
|---|---|
| Payment towards Attorney Fees and Costs: | $5,000.00 |
| Reconveyance of Patch Homes Lien against Debtor's residence and withdrawal of POC #11: | $122,500.00 |

In exchange for the gross settlement, the Movant issued full releases to PATCH. The Movant asserts that, based upon information and belief, that the proposed settlement is in the best interest of the Chapter 13 Estate.

PATCH'S claim, based upon the agreement that was eliminated through the efforts of Attorneys, gave Patch an equity share of 57.91% of the equity accumulated above $263,527 plus their initial "investment amount" of $62,000. As indicated in a concurrently file motion to approve sale of real property, the value of the property is now $429,200. The difference,

NOTICE AND MOTION FOR ORDER
APPROVING ATTORNEYS FEES -- 3

Law Office of Mark McClure, P.S.
1103 West Meeker Street, Ste 101
Kent, WA 98032
(253) 631-6484

Case 20-12450-TWD    Doc 119    Filed 10/18/22    Ent. 10/18/22 12:15:57    Pg. 3 of 5

$165,673. 57.91% of $165,673 at this point if it had not been eliminated would have been $95,941.23. $95,941.23 plus $62,000 equals $157,941.23.

FIRMS actions improved Beverly's position by at least the original claim amount of $122,500 plus the $5,000 for a total of $127,500 to as much as $157,941.23 plus the $5,000 for a total of $163,941.23. This result would not have occurred absent litigation.

### III. FEE AGREEMENT

The terms of the Fee Agreement between Debtor and Attorneys as disclosed and presented in Exhibit A, of Application to Appoint, ECF No. 94 provides:

> b) The greater of either (a) forty percent (40%) of all sums recovered after commencement of litigation or arbitration, whether such recovery is made through settlement, or other means, or (b) attorneys' fees and costs recovered in accord with any applicable statute.

In this case, using the smaller benefit calculation above providing Beverly the greatest benefit results in 40% of $127,500 equaling $51,000.

In an amended Joint Prosecution Agreement, the split of attorney fees agreed to by FIRMS is as follows:

> Law Office of Mark McClure, PS and Henry & DeGraaff, PS have entered into the contingent fee agreement above with the client, Beverly Jane Cary, ,. The contingent fee agreement with the clients will not change as a consequence of this joint prosecution agreement. Attorneys agree that the contingent fee shall be divided 1/3rd the Law Office of Mark McClure, PS, 1/3rd to Henry & DeGraaff, PS, and 1/3rd to Law Offices of Melissa A. Huelsman, P.S.

### IV. ANALYSIS

In reaching the settlement described above, the FIRMS considered the factors for approval of settlements identified in In re A & C Properties, 784 F.2d 1377 (9th Cir. 1986). Those factors are: (1) probability of success in litigation; (2) difficulty in collection; (3) collection and complexity of the litigation and expenses; and (4) interest of creditors. The Debtor is of the belief that these factors have been satisfied in regards to the settlement reached here.

NOTICE AND MOTION FOR ORDER
APPROVING ATTORNEYS FEES -- 4

Law Office of Mark McClure, P.S.
1103 West Meeker Street, Ste 101
Kent, WA 98032
(253) 631-6484

Case 20-12450-TWD    Doc 119    Filed 10/18/22    Ent. 10/18/22 12:15:57    Pg. 4 of 5

The settlement agreement with PATCH was in the best interests of the Debtor and this bankruptcy estate significantly reduced the liability of the estate.

V. REQUEST

WHEREFORE, PREMISES CONSIDERED, the Movant requests proposed attorney's fees and costs as outlined herein in the amount of $51,000 be approved and paid from the sale proceeds as indicated in Debtor's Motion to Sell Real Property (ECF No 117) and the $5,000 held in undersigned counsel's IOLTA account.

Date: October 14, 2022

Respectfully submitted,

/s/ Mark C. McClure
Mark C. McClure, WSBA No. 24393
Attorney for Debtor

NOTICE AND MOTION FOR ORDER
APPROVING ATTORNEYS FEES -- 5

Law Office of Mark McClure, P.S.
1103 West Meeker Street, Ste 101
Kent, WA 98032
(253) 631-6484

Case 20-12450-TWD    Doc 119    Filed 10/18/22    Ent. 10/18/22 12:15:57    Pg. 5 of 5